UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MSP RECOVERY, LLC,

   Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

   Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate" or "Defendant"), through its undersigned counsel, and pursuant to 28 U.S.C. § 1441, hereby removes to this Court the state court action described below:

1.   Plaintiff filed this lawsuit, which was served on January 26, 2015, in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entitled *MSP Recovery, LLC v. Allstate Insurance Company*, Case No. 2014-15221-CC-25.

2.   Plaintiff's Complaint is based on its alleged rights under the federal Medicare Secondary Payer statute ("MSP"), 42 U.S.C. §1395y.

3.   Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are all pleadings filed in the record of the state court proceeding.

4.   The Complaint alleges Plaintiff is the assignee of FHCP, a Medicare Advantage Plan ("MAO"). (Compl., ¶¶ 4, 14.) According to Plaintiff, Allstate was a primary payer obligated to pay for medical services for a patient, who is allegedly also an Allstate insured, for which FHCP had allegedly paid Medicare benefits. (Compl., ¶¶ 4, 10-18.) Plaintiff alleges

FHCP is entitled, pursuant to the MSP, to recover and be reimbursed by Allstate for the amounts FHCP paid for this patient.  (Compl., ¶¶ 17-18.)

5.   This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) and (b), as there is a federal question under the MSP.

6.   In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after service of the Complaint.  This Notice of Removal is also filed less than one year after commencement of the action in state court, although the "one-year rule" does not apply to federal question jurisdiction.  *See, e.g., Bostrom v. New Jersey Div. of Youth & Family Servs.,* No. CIV. 11-1424 JBS/JS, 2011 WL 3684817, *3 n. 3 (D.N.J. Aug. 22, 2011) ("In cases in which removal jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, there is a one-year limit to removability that cannot be exceeded, * * *  which is inapplicable to this federal question case.").

## FEDERAL QUESTION JURISDICTION

7.   This case is removable based on federal question jurisdiction.  In determining whether a complaint arises under federal law and therefore poses a federal question, the court applies the well-pleaded complaint rule.

8.   A defendant may remove an action to a federal district court "if that court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  District Courts have original jurisdiction over all 'civil actions arising under the Constitution, laws, or treaties of the United States.'  28 U.S.C. § 1331. * * * The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint."  *Herman v. Hartford Life & Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).  *See also Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (whether a claim "arises under" federal law "is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

9. Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is also available. . . . However, even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Id.* (citations omitted).

10. Here, Plaintiff does not assert any state law causes of action, but instead asserts two counts based on the federal MSP. In Count I, Plaintiff asserts a "PRIVATE CAUSE OF ACTION FOR DOUBLE DAMAGES" under the MSP, 42 U.S.C. § 1395y(b)(3)(A). (Compl., ¶¶ 42-48.) Although, within Count I, Plaintiff alleges Defendant did not comply with Fla. Stat. § 627.736(4)(c) by failing to hold $5,000 in reserve for certain services, the Complaint allegations make clear that Plaintiff is asserting a claim only under 42 U.S.C. § 1395y(b)(3)(A). (Compl., ¶¶ 47-48.) In Count II, Plaintiff asserts an "ACTION FOR DAMAGES" under "federal common law," based "on the theory that Congress expected that MA organizations would be able to collect their damages," as reflected in the MSP (citing 42 U.S.C. § 1395y(b)(2); 42 U.S.C. § 1395w-22(a)(4); and 42 C.F.R. § 422.108). (Compl., ¶¶ 49-56.)

11. Federal courts have original jurisdiction over MSP claims under 28 U.S.C. § 1331, and, since Plaintiff's Complaint explicitly invokes the MSP, this case is removable under 28 U.S.C. § 1441(a) and (b) based on federal question jurisdiction. *See, e.g., Sullivan v. Farm Bureau Mut. Ins. Co. of Michigan*, 2011 WL 1231264, *2 (W.D. Mich. April 1, 2011) (where, as here, plaintiff brought suit for double damages under MSP, the "Court's federal question

jurisdiction is invoked."); *Brown v. United States Steel Corp.,* 2010 WL 4388075, *1 (W.D. Pa. Oct 29, 2010), *aff'd,* 62 Fed. Appx. 152 (3d Cir. 2011) (same principle).

12. For example, in *Sullivan,* the plaintiff asserted two counts against the defendant insurers for violation of the Michigan No-Fault Act and for violation of the federal MSP: "Count I is a claim for benefits pursuant to the Michigan No–Fault Automobile Insurance Act, * * * ; Count II is a claim to recover amounts paid by Medicare which should have been paid by one of the insurance companies, along with double damages, pursuant to the federal Medicare Secondary Payer statute[.]" 2011 WL 1231264, *2.

13. Based on the plaintiff's assertion of the federal MSP count, the court found that it had federal question jurisdiction:

> Having initiated this suit under 42 U.S.C. § 1395y(b)(3)(A), * * * [P]laintiff seeks damages for double the amount he claims ... [Defendant is] obligated to reimburse Medicare for its payments made on his behalf. The Court's federal question jurisdiction is invoked. * * * [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to federal court. * * * * Under 28 U.S.C. § 1331, this Court has original jurisdiction of cases arising under the Constitution, laws, or treaties of the United States. Generally, a district court has federal question jurisdiction if the case includes a federal claim.

*Id.* (citations and internal quotations omitted).

14. The court ultimately remanded the case, but *only* after granting the plaintiff leave to amend the complaint to eliminate the federal MSP count. The court made clear that, while the MSP count was still part of the complaint, the court had federal question jurisdiction and the case could not be remanded. *Id.* (rejecting the plaintiff's claim that the case should be remanded while the MSP count was still intact on the ground that, in plaintiff's view, the state claim predominated over the federal claim: "To the extent that Plaintiff requests that this Court

remand the action as it currently stands because state claims predominate, the motion will be denied.").

15.     Similarly, in *Brown,* the court noted that in the "amended complaint, the plaintiff asserts that the defendants violated the MSP by refusing to repay Medicare for its payments made on his behalf during a period when the defendants were primarily obligated to pay his medical bills by virtue of his enrollment in their employer group health plan[.]" 2010 WL 4388075, *1*, *1.  The court concluded that since the plaintiff had "initiated this suit under 42 U.S.C. § 1395y(b)(3)(A)," seeking "damages for double the amount he claims the defendants are obligated to reimburse Medicare for its payments made on his behalf," the "Court's federal question jurisdiction is invoked."  2010 WL 4388075, *1.

16.     In *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013), the Court also held federal question jurisdiction existed where an MSP claim was asserted -- in that case, by a Medical Advantage Organization ("MAO") (such as exists here) -- and clarified the distinction between the existence of subject matter jurisdiction under federal law and the ability of a litigant to bring a private right of action under a federal statute:

> The magistrate judge recommended that Count II be dismissed for lack of subject matter jurisdiction; the district court, although adopting the magistrate judge's recommendation and report, instead concluded that Count II failed to state a claim upon which relief can be granted.  This duality is understandable; our decisions have analyzed whether a cause of action exists under federal law both ways.  * * *  Despite these seemingly inconsistent decisions, the district court was correct.  Subject matter jurisdiction exists to determine whether a federal statute provides a private right of action.

*Id.* at 1151 (citations and footnote omitted).

17.     The Court emphasized that "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."  *Id.* (citation and internal quotation omitted).  The Court held "'[B]ecause interpretation

of the federal Medicare Act presents a federal question,' the district court had subject matter jurisdiction to determine whether that act created a cause of action in favor of PacifiCare[.]" *Id.* at 1552 (quoting *In re Avandia Mktg.,* 685 F.3d 353, 357 (3d Cir. 2012). *See also Doctors Med. Ctr. of Modesto, Inc. v. Kaiser Found. Health Plan, Inc.,* 989 F. Supp. 2d 1009, 1011 (E.D. Cal. 2013) (in ruling on dismissal motion, referring to Kaiser as a "Medicare Advantage" plan and noting "Kaiser removed the action to this court based on federal question jurisdiction under the Medicare Act," thus indicating the existence of federal question jurisdiction in these circumstances); *Kinsey v. American Underwriters Life Ins. Co.*, 2008 WL 2812966, *3 (W.D. La. June 24, 2008) ("The United States' claim arises under the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b).  Therefore, there is federal question jurisdiction").

18. This case is no different.  As in the above cases, Plaintiff asserts claims under the federal MSP, hence this Court has federal question jurisdiction over this matter.

19. Plaintiff's reliance on *Humana v. Reale*, No. 10-cv-21493 (S.D. 2010), for the proposition that "Federal courts do not have jurisdiction to address the merits of a Medicare Advantage Plan's recovery action" (Compl., ¶ 38), is misplaced.  Plaintiff is referring to a January 31, 2011 dismissal order in *Reale* (which did not even deal with removal jurisdiction).  On September 26, 2011, however, after reconsideration, the January 31, 2011 Order was <u>vacated</u>.  So, to the extent Plaintiff is suggesting that any ruling in *Reale* held that federal question removal jurisdiction is lacking in this context (and it did not), that case is no longer good law.  In fact, the vacation of the original decision suggests exactly the opposite even with respect to the *Reale* court's non-removal subject matter jurisdiction analysis.

20. In fact, as noted above, the *Avandia* case, which Plaintiff also cites (Compl., ¶ 39), held federal question jurisdiction exists in this context.  Similarly, in another case cited by

Plaintiff (Compl., ¶ 30), *Gusmano v. Allstate Ins. Co.,* No. 13-13208, 2013 WL 6133136, *4 (E.D. Mich. Nov. 21, 2013), the court exercised federal question jurisdiction over a case, like this one, removed based on the complaint's assertion of claim under the MSP. *Gusmano,* 2013 WL 6133136, *4 ("Given that this Court is dismissing the only federal claim in this action, which was removed to this Court based solely upon federal question jurisdiction, the Court must consider whether it should exercise supplemental jurisdiction over the remaining state-law claims.").

21.     Moreover, even if the Court were to construe the Complaint's fleeting reference to Fla. Stat. § 627.736(4)(c) as a substantive cause of action (it is not), that would not defeat this Court's jurisdiction.  As in *Sullivan,* where the plaintiff asserted a state No-Fault claim and a federal MSP claim, the state law claim would not predominate over the federal MSP claim, hence it would be appropriate for this Court to exercise jurisdiction over both claims.  *See, e.g., Sullivan, supra.*

22.     Indeed, even if Plaintiff were asserting a state law claim here, that claim, like the federal MSP claim, would arise from Defendant's alleged failure to pay benefits allegedly owed by Defendant for bills, which the MAO was allegedly required to pay.  Accordingly, both claims are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  *See*  28 U.S.C.A. § 1367(a) ("a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . ."); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563 (11th

Cir. 1994) (district court had jurisdiction over both state and federal claims where the "state law claims against Patterson and Bates are certainly part of the same case or controversy as the COBRA claims"); *Parker v. Scrap Metal Processors, Inc*., 468 F.3d 733, 743 (11th Cir. 2006) (same principle; stating "the RCRA and CWA claims are the 'substantial federal claims,' and they arise out of a common nucleus of operative fact as the state claims"); *Gusmano,* 2013 WL 6133136, *4 (where court exercised jurisdiction over state claims while MSP claim was still part of the case).

23.  Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all the state court pleadings and process in this matter.  Attached as Exhibit B is a copy of Allstate's Notice of Filing of Notice of Removal in the state court.  Allstate has, therefore, satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law.

Respectfully submitted,

By:   /s/   Rachel M. LaMontagne
Rachel M. LaMontagne
Florida Bar No. 094692
E-mail address:
rlamontagne@shutts.com
Service address:
allstateservice@shutts.com
SHUTTS & BOWEN LLP
Attorneys for Allstate
201 South Biscayne Blvd., Suite 1500
Miami, Florida  33131
Telephone: (305) 347-7367
Facsimile:  (305) 415-9848

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 25th, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.


John H. Ruiz, Esq.
MSP Recovery Law Firm
5000 S.W. 75th Avenue, Suite 400
Miami, FL 33155
Tel.: (305)614-2222
*E-mail address:*
serve@lawofficeslaley.com
*Attorney for Plaintiff*


                                                                  /s/   Rachel M. LaMontagne