UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20788-CIV-SEITZ/TURNOFF

MSP RECOVERY, LLC,

        Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

      This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint [DE-20]. In this action, Plaintiff seeks reimbursement from Defendant, a PIP/no-fault insurer, pursuant to the Medicare Secondary Payer Act (MSPA), for medical expenses paid by a Medicare Advantage Plan.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss Plaintiff's three-count Second Amended Complaint, which Plaintiff filed after the Court dismissed its Amended Complaint for failure to state a claim upon which relief can be granted. While Plaintiff's Second Amended Complaint is longer than the Amended Complaint, Plaintiff has not adequately addressed the problems in the Amended Complaint; Plaintiff has again failed to adequately allege the minimal facts to support its claims. Thus, the motion to dismiss is granted with leave to replead Counts I and II only. Count III and Plaintiff's bad faith allegations are dismissed with prejudice. However, the Court warns Plaintiff that this will be its

---

[1] The MSPA was enacted to shift the cost of medical care from Medicare to private insurers, such as liability insurers and self-insured tortfeasors.

last chance to plead its case. If Plaintiff fails to adequately allege its claims in its Third Amended Complaint, the Court will dismiss this action with prejudice.

## I. Facts Alleged in the Second Amended Complaint and Relevant Procedural History

Florida Healthcare Plus (FHCP) is a health maintenance organization and a participant provider in the Medicare program. FHCP provided Medicare Advantage coverage to Enrollee.[2] FHCP assigned all of its rights with respect to claims for the recovery of amounts owed to FHCP to La Ley Recovery. La Ley Recovery, in turn, assigned all the recovery and reimbursement rights it received from FHCP to Plaintiff, MSP Recovery LLC.

On June 19, 2014, Enrollee was a passenger in a car which was struck from behind. Enrollee suffered bodily injury and incurred medical bills. FHCP, as Enrollee's Medicare Advantage plan, paid Enrollee's medical expenses. Defendant is Enrollee's PIP and no-fault automobile insurer and, therefore, was the primary payer for the medical expenses arising from the automobile accident. At the time FHCP made the payments, it was unaware that Defendant, as PIP insurer, provides primary coverage and, therefore, FHCP's payments were "conditional" payments under the MSPA. After learning about Defendant, Plaintiff sent several notices demanding reimbursement for the medical services paid for by FHCP, totaling $2,869.00. According to Plaintiff, Enrollee's medical treatment and associated bills were reasonable, necessary, and related to the accident. The Second Amended complaint does not state what medical treatment was given or how it relates to Enrollee's injuries incurred in the auto accident.

Plaintiff's three count Second Amended Complaint alleges claims for: (1) a private cause of action under the MSPA for double damages, (2) breach of contract; and (3) equitable

---

[2] For privacy reasons, the parties have not used the name of the insured.

subrogation. Plaintiff filed its Second Amended Complaint after the Court dismissed its first Amended Complaint. In the Order Granting Motion to Dismiss, the Court gave Plaintiff leave to amend its claim under the MSPA and for breach of contract. The Court specifically noted that, while a contractual obligation may be sufficient to demonstrate Defendant's responsibility for payment of the medical bills, Plaintiff had failed to adequately allege Defendant's contractual responsibility because Plaintiff had not alleged the medical bills for which it sought repayment were reasonable, necessary, and related to the automobile accident. In dismissing Plaintiff's breach of contract claim with leave to replead the Court found that Plaintiff had failed to plead a breach of contract claim because (1) Plaintiff had not adequately pled facts to show that it was a medical service provider, not an insurer; (2) Plaintiff had failed to plead the elements of a third-party beneficiary claim; and (3) if Plaintiff is not an intended third-party beneficiary, Plaintiff had failed to plead an assignment of rights from Enrollee to Plaintiff.

## II.   Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

*Plaintiff Has Not Adequately Pled Count I, a Private Cause of Action Under the MSPA*

Defendant moves to dismiss Plaintiff's MSPA claim on several grounds. The first, that Plaintiff must first obtain a judgment or settlement agreement to demonstrate Defendant's responsibility for payment, was previously raised by Defendant and rejected by this Court. *See* Order Granting Motion to Dismiss at DE-15. Despite the recent decisions by Judges King and Scola, which Defendant brought to the Court's attention in two Notices of Supplemental Authority, DE-27 and DE-31, the Court sees no reason to revisit these arguments and its prior holding, which rejected this argument.

Defendant next argues that Plaintiff has failed to adequately plead its MSPA claim because it has not pled any *facts* to establish Defendant's responsibility to pay. Plaintiff does nothing more than make conclusory statements that the medical bills it paid were reasonable, necessary, and related to the auto accident. Plaintiff, however, has not pled any underlying facts. There are no allegations regarding what type of injuries Plaintiff suffered in the accident, what injuries were treated, what services the medical bills payed by FHCP were for, the amounts of the individual bills that were payed, or whether the amounts of the bills were reasonable. While Plaintiff alleges that Enrollee's medical providers determined that the injuries sustained by Enrollee were directly the result of the use of the motor vehicle, it is not clear that the medical services actually paid for by FHCP were for these same injuries. Plaintiff's conclusory allegations, coupled with its allegation that Defendant paid some medical bills for Enrollee that resulted from the auto accident, are simply a formulaic recitation of the elements of its claim and are, thus, insufficient to meet the pleading standard of *Iqbal* and *Twombly*. Thus, Plaintiff has not adequately "demonstrated"[3] Defendant's responsibility to pay the bills based on its contractual obligations.

Finally, Defendant argues that an exhibit attached to the Second Amended Complaint indicates that no payments have actually been made to Enrollee's healthcare providers. While the exhibit does indicate that as of October 7, 2014 FHCP had not made any payments to Enrollee's medical providers, Plaintiff has alleged that such payments were made. Thus, the

---

[3] As set out in the Court's Order Granting Motion to Dismiss, under the MSPA, a private cause of action does not arise until a primary plan's responsibility to make payment to the Medicare Trust Fund has been "demonstrated." *See* DE-15 at 4 (citing 42 U.S.C. § 1395y(b)(2)(B)(ii)).

Second Amended Complaint and this exhibit appear to contradict one another.[4] However, the Complaint was not filed until December 4, 2014, two months after the letter at issue. Thus, the payments could have been made after the letter was sent and prior to the filing of the initial complaint. At the pleading stage, the Court must make all reasonable inferences in favor of the non-moving party, Plaintiff. Consequently, Plaintiff has adequately alleged that FHCP made payments that are covered by the MSPA. Accordingly, the motion to dismiss Count I is granted with leave to replead for Plaintiff to allege facts supporting its conclusion that the payments made to Enrollee's medical providers were reasonable, necessary, and related to the auto accident.

*Plaintiff's Breach of Contract Claim, Count II, is Dismissed Without Prejudice*

Plaintiff's breach of contract claim alleges that Enrollee's medical providers assigned to FHCP the exclusive right to bill Enrollee's casualty insurer, Defendant; that the medical providers are third-party beneficiaries of the insurance contract between Enrollee and Defendant; and that Enrollee assigned to FHCP her rights to collect for covered Medicare services for which Medicare is not the primary payer. While it is not entirely clear from these allegations exactly what the basis of Plaintiff's breach of contract claim is, it appears that Plaintiff is really alleging two separate bases for the breach of contract: (1) an assignment of rights from Enrollee to FHCP, which would allow FHCP to pursue claims against Defendant and (2) an assignment of rights to FHCP by third-party beneficiaries of Enrollee's PIP/no-fault insurance contract, which would

---

[4] This contradiction between the pleadings and the exhibit can be interpreted in two ways: (1) Plaintiff's counsel is sloppy and is not performing at the level or professionalism expected by the Court or (2) Plaintiff's counsel has violated Rule 11 by failing to ensure that the facts alleged in the complaint have evidentiary support.

allow FHCP to pursue claims against Defendant. However, in its response to the motion to dismiss, Plaintiff states that it is not claiming denial of benefits pursuant to Defendant's policy with Enrollee. *See* DE-21 at 15-16. Thus, based on Plaintiff's representation, it appears that Plaintiff's breach of contract claim is based only on the assignment of rights by third-party beneficiaries of the no-fault insurance contract, number 2, above.

Defendant argues that Plaintiff has failed to adequately allege the existence of a valid assignment of rights under Defendant's policy to Plaintiff. Defendant maintains that Plaintiff makes unsupported assertions of an assignment of rights by medical providers to FHCP because Plaintiff has not quoted any language from the alleged assignment or attached the actual assignment. The pleading standards do not require such proof. It is sufficient for Plaintiff to allege the existence of the assignment and the nature of the rights assigned, which Plaintiff has done.

Alone, the assignment of these rights, however, is not sufficient to support a breach of contract claim. Plaintiff must also establish that the assignor was a third-party beneficiary of the contract that Plaintiff now seeks to enforce. While Plaintiff has alleged that Enrollee's medical providers are intended third-party beneficiaries of the no-fault insurance contract, it has alleged no facts to support this conclusory allegation. In opposition to the motion to dismiss, Plaintiff cites to several cases for the proposition that Florida law recognizes that medical service providers are intended third-party beneficiaries of insurance contracts. However, the holdings of these cases do not make such broad, blanket statements. Instead, the cases hold that medical providers can be third-party beneficiaries of insurance contracts but such determinations require a "clear or manifest intent of the contracting parties" that the insurance contract "primarily and

directly benefit the third party." *Foundation Health v. Westside EKG Associates*, 944 So. 2d 188, 195 (Fla. 2006). Plaintiff has not alleged any facts that would establish such an intent; Plaintiff has not provided the no-fault policy, quoted its language, or otherwise pled the content of the policy that would establish that the medical providers were intended third-party beneficiaries of the policy. Consequently, Plaintiff has not adequately pled a breach of contract claim based on the assignment of rights from the medical providers to FHCP because Plaintiff has not adequately pled that the providers were third-party beneficiaries of Enrollee's no-fault insurance contract with Defendant. Accordingly, Count II is dismissed with leave to replead.

*Plaintiff's Equitable Subrogation Claim, Count III, is Dismissed With Prejudice*

Defendant seeks to dismiss Count III of the Second Amended Complaint for equitable subrogation because it is duplicative of Plaintiff's claim under the MSPA and because, at best, it is a claim for contractual subrogation, not equitable subrogation. Plaintiff's equitable subrogation claim alleges that through FHCP's insurance contract with Enrollee, FHCP was obligated to provide secondary payment for Enrollee's medical bills related to the motor vehicle accident and that pursuant to the plan FHCP had the right to collect for medical services for which Medicare is not the primary payer. DE-19 at ¶¶ 119-121. Thus, Plaintiff's claim is based on the contract between FHCP and Enrollee. Consequently, equitable subrogation would not apply. *See Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999) (noting that Florida recognizes two types of subrogation: equitable and conventional, which flows from a contract between the parties). Furthermore, the allegations of Plaintiff's equitable subrogation claim are based on the relationships established by the MSPA. Thus, it appears that

the claim is really a restatement of Plaintiff's MSPA claim. Consequently, Count III is dismissed with prejudice because it is not a claim for equitable subrogation.

*Plaintiff's "Bad Faith" Allegations Are Dismissed With Prejudice*

Finally, Defendant seeks to dismiss Plaintiff's allegations regarding "bad faith" and Plaintiff's request for relief that seeks a determination that Defendant acted in bad faith. Despite these allegations and the request for a finding that Defendant acted in bade faith, Plaintiff has not actually alleged a claim for bad faith. Plaintiff responds that its bad faith allegations should not be stricken under Federal Rule of Civil Procedure 12(f) because the allegations are not immaterial or impertinent. While Defendant responds that its motion was brought pursuant to Rule 12(b)(6), dismissal would also be appropriate under 12(f) because the allegations are immaterial and impertinent given the absence of a bad faith claim. The Court agrees. Plaintiff has not pled a claim for bad faith and the allegations are irrelevant to the claims pled by Plaintiff. Consequently, the bad faith allegations contained in paragraphs 84 through 87 are dismissed with prejudice, as is Plaintiff's request for relief asking for a declaration that Defendant acted in bad faith.

Accordingly, it is

ORDERED that:

1. Defendant's Motion to Dismiss Second Amended Complaint [DE-20] is GRANTED:

    a. Counts I and II are DISMISSED without prejudice.

    b. Count III is DISMISSED with prejudice.

    c. Plaintiff's "bad faith" allegations contained in paragraphs 84-87 are

DISMISSED with prejudice.

2. Plaintiff may file a third amended complaint, in accordance with this Order, by **October 13, 2015.** However, Plaintiff should only file a third amended complaint if it can allege the necessary facts and comply with Federal Rule of Civil Procedure 11. Plaintiff's failure to adequately plead its claims in any third amended complaint shall result in a final dismissal of this action.

DONE AND ORDERED in Miami, Florida, this 6th day of October, 2015.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE


cc:     All counsel of record